FILED

2026 May-22  AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANDERRIOUS WILLIAMS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:25-cv-928-ACA** |
| | } | |
| **OAK GROVE COAL MINE,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

Plaintiff Anderrious Williams filed a *pro se* complaint against Defendant Crimson Oak Grove Resources, LLC ("COGR")[1] alleging that COGR discriminated against him based on his disability. (Doc. 1 at 4–5). COGR moves to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service and Rule 12(b)(6) for failure to state a claim. (Doc. 16). Because Mr. Williams failed to properly serve COGR, the court **WILL GRANT** COGR's motion and **WILL DISMISS** this case **WITHOUT PREJUDICE**.

### I.    BACKGROUND

In June 2025, Mr. Williams filed a *pro se* complaint. (Doc. 1). Three months later, the court ordered Mr. Williams to show cause why the court should not dismiss

---

[1] Although Mr. Williams listed "Oak Grove Coal Mine" as the defendant, the court uses the entity's correct name. (Doc. 8 at 2; doc. 16 at 1).

this case because he failed to serve COGR. (Doc. 3). Mr. Williams timely responded (doc. 4), and the court extended the time for him to complete service (doc. 7).

In September 2025, Mr. Williams filed a return of service, which purported to serve "an officer, managing or general agent, or . . . other" person appointed to accept service. (Doc. 6). The process server gave the documents to Alisha Leslie, a "mine clerk." (*Id.*). The court explained to Mr. Williams that service was not proper because Ms. Leslie was not listed as the entity's registered agent, and there was no indication that Ms. Leslie was authorized to accept service. (Doc. 8). The court granted Mr. Williams another opportunity to serve. (Doc. 10).

Two months after the court's deadline, Mr. Williams filed another return of service. (*Compare id.*, *with* doc. 15). Mr. Williams addressed the certified mail document to COGR's human resources director Chad McAtee. (Doc. 15; *see also* doc. 9 at 1; doc. 16 at 9). The return receipt was again signed by Ms. Leslie. (Doc. 15).

## II.    DISCUSSION

COGR argues that Mr. Williams's complaint fails to state a claim and that Mr. Williams failed to properly serve COGR. (Doc. 16 at 4–10). Service of process is a jurisdictional requirement, so the court must begin its analysis there. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court

generally may not rule on the merits of a case without first determining that it has jurisdiction."). Because the court agrees that Mr. Williams failed to properly serve COGR, the court does not address whether Mr. Williams's complaint states a claim.

Under Federal Rule of Civil Procedure 4(h), a plaintiff may serve a "corporation, partnership, or association" in two ways. First, a plaintiff may use any method of service allowed in the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(h)(1)(A), (e)(1). In Alabama, a plaintiff may serve a corporation or limited liability company by certified mail addressed to "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6), (i)(2)(B). Second, a plaintiff may "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Once the defendant challenges service of process, the plaintiff bears the burden of proving sufficient service. *See Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980), *abrogated on other grounds by Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).[2]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Mr. Williams has not satisfied his burden of establishing that the alleged service was proper. Mr. Williams addressed the service documents to Mr. McAtee, but there is no evidence that he is COGR's registered agent or otherwise authorized to accept service. (*See* doc. 15; doc. 16 at 9–10). Moreover, Ms. Leslie signed for the documents, but there is no evidence she is authorized to receive service of process. (*See* doc. 16 at 10; doc. 8). Mr. Williams's response does not address the allegations of improper service, so he has not established that Mr. McAtee or Ms. Leslie could accept service on COGR's behalf. Accordingly, the court **WILL GRANT** COGR's motion. (Doc. 16).

### III.   CONCLUSION

For the reasons above, the court **WILL GRANT** COGR's motion to dismiss under Rule 12(b)(5) and **WILL DISMISS** this case **WITHOUT PREJUDICE**. (Doc. 16).

**DONE** and **ORDERED** this May 22, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE